```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM HURLEY,

                          Plaintiff,               04-CV-6561T

       v.                                          DECISION
                                                   and ORDER

THE COUNTY OF YATES, RONALD G. SPIKE
Individually and in his Official Capacity
as the SHERIFF OF YATES COUNTY, BERNETTA A.
BOURCY, Solely in her Official Capacity as
YATES COUNTY ATTORNEY, LOUIS SMITH and
LOIS SMITH, Jointly and Severally,

                          Defendants.
_____
```

INTRODUCTION

Plaintiff William Hurley, ("Hurley"), proceeding pro se, brings this action pursuant to 42 U.S.C. §§ 1983, and 1985 claiming that his constitutional rights were violated in a number of ways by the defendants. Plaintiff also alleges violations of New York State statutory and common law. Specifically, with respect to his federal claims, Hurley claims that he was deprived of property without due process of law, and was deprived of substantive and procedural due process in connection with an auction and sale of real property conducted by the defendants.

By motion dated January 5, 2005, plaintiff moves for summary judgment with respect to his state law claims. By cross-motion dated February 7, 2005, defendants the County of Yates, Ronald Spike, and Bernetta Bourcy move for summary judgment with respect

to plaintiff's federal claims, and seek dismissal of plaintiff's state law claims for lack of pendant jurisdiction. For the reasons set forth below, I deny plaintiff's motion for summary judgment, grant defendants' motion for summary judgment, and dismiss plaintiff's state law claims for lack of pendant jurisdiction.

BACKGROUND

According to the Amended Complaint, pursuant to a judgment issued on February 27, 1991, by the New York State Supreme Court, Yates County, plaintiff is a judgment creditor of Ralph Urban ("Urban"). In an effort to satisfy his judgment against Urban, Hurley initiated a forced sale of property owned by Urban located in Yates County ("the Urban property"). In accordance with New York State Law, upon Hurley's petition to force the sale of the Urban property, the Sheriff of Yates County became responsible for selling the property at auction, and providing the proceeds, less costs and fees, to Hurley.

According to the defendants, no such forced sale had taken place for years in Yates County, and therefore, defendants promulgated new guidelines for the sale of such property. Pursuant to those guidelines, the Sheriff of Yates County required any purchaser of property at auction to pay a cash deposit of 20% of the purchase price on the day of the auction, with the balance due in cash no later than five business days after the auction. Under the terms of the auction, the cash deposit could be forfeited if

the buyer failed to complete the purchase within five business days. Prior to the sale of the Urban property, the Yates County Sheriff publicized the auction and the terms under which the auction would be conducted.

On July 8, 2004, the Yates County Sheriff conducted the auction sale of the Urban property. Plaintiff was the high bidder at auction, bidding $15,000 for the property. Following the auction, plaintiff paid the 20% deposit of $3,000 in cash, and signed a Memorandum of Understanding stating that he would pay the balance of the purchase price in cash within five business days.

Thereafter, however, Hurley, who held a judgment against Urban in an amount greater than the purchase price of the auctioned property, refused to pay the remaining balance in cash, and instead asked the Yates County Sheriff to use Hurley's judgment against Urban as credit towards the remaining balance of $12,000.00. Based on the County's auction policy, which required payment of the balance in cash within five business days after the auction, the Yates County Sheriff refused to apply Hurley's judgment as a credit. Because Hurley failed to comply with the terms of the sale, the Sheriff retained the deposit (per the County's policy) and scheduled a second auction.

A second auction for the Urban property was held on August 19, 2004. Hurley again was the high bidder, but refused to sign the Memorandum of Sale. Accordingly, the Sheriff offered the property

to the next highest bidders, who had bid $14,000 for the property. Those bidders entered into the Purchase Agreement, paid the required deposit, and paid the remaining balance within five business days, thus completing the sale. Following the completion of the sale, plaintiff received $13,336.24 from the Sheriff towards the satisfaction of his judgment. The $13,336.24 represented the sale price of the property less the Sheriff's fees and costs. Plaintiff filed the instant action on November 9, 2004.

DISCUSSION

I.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2nd Cir. 1997). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Annis v. County of Westchester, 136 F.3d 239, 247 (2nd Cir. 1998).

II.  Plaintiff's Claims

A.  Constitutional Due Process Claims

Plaintiff claims that his Constitutional rights to due process were denied in that he was deprived of the $3,000.00 deposit he paid following the first auction, and was deprived of substantive and procedural due process rights in connection with his attempted purchase of the Urban property.

It has long been held that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of due process if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). In this case, the State of New York provides such a remedy in § 5238 of the New York Civil Practice Law and Rules, which provides that a Court may direct a Sheriff to return property to a claimant. Accordingly, plaintiff could have initiated a State proceeding pursuant to § 5238 to recover the deposit paid following the first auction. Additionally, Article 78 of the New York Civil Practice Law and Rules allows an aggrieved party to petition a Court to compel a governmental official to perform a ministerial act. In a proceeding pursuant to Article 78, plaintiff could have requested that the Sheriff be compelled to complete the first sale to the plaintiff, or prohibit the second auction. Therefore, even assuming arguendo that plaintiff was deprived of property or a protected interest within the meaning of the Fourteenth Amendment,

the deprivation was not without due process of law because New York State provides an adequate post-deprivation remedy for the alleged deprivation.  Moreover, with respect to plaintiff's substantive due process claims, plaintiff has failed to identify the violation of fundamental right "rooted in the traditions and conscience of our people" and has thus failed to state a claim for a violation of his substantive due process rights.  Local 342 et. al. v. Town of Huntington, 31 F.3d 1191, 1196 (2nd Cir. 1994)(quotations omitted). I therefore grant defendant's motion for summary judgment and dismiss plaintiff's procedural and substantive due process claims.

    B.    Conspiracy Claims

Plaintiff additionally alleges that the defendants conspired to deprive him of his civil rights in violation of 42 U.S.C. § 1985.  To establish a cause of action for conspiracy to violate civil rights, "a plaintiff must demonstrate 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'"  New York State National Organization for Women v. Terry, 886 F.2d 1339, 1358 (2nd Cir. 1989) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). In the instant case, plaintiff has failed to allege or establish that the defendants acted with any class-based or racially discriminatory animus, and I therefore grant defendant's motion for summary judgment and dismiss plaintiff's conspiracy claims.

C. <u>State Law Claims</u>

Where a district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise jurisdiction over state law claims. 28 U.S.C. 1367(c)(3). <u>See also</u>, <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966)(district court may, in its discretion, dismiss a plaintiff's state law claims where "considerations of judicial economy, convenience, and fairness to the parties" require.) Because plaintiff's federal claims have been dismissed, I decline to exercise jurisdiction over his remaining state law claims.

<u>CONCLUSION</u>

For the reasons set forth above, I grant defendants' motion for summary judgment, deny plaintiff's motion for summary judgment, and dismiss plaintiff's state law claims. Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         August 31, 2005